**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
Ann Marie Effingham (209642016)
502 Carnegie Center
Princeton, NJ 08540-7814
Email: annmarie.effingham@morganlewis.com
Phone: (609) 919-6600

Benjamin K. Jacobs (*Pro Hac Vice* forthcoming)
1701 Market Street
Philadelphia, PA 19103
Email: benjamin.jacobs@morganlewis.com
Phone: (215) 963-5651

*Attorneys for Defendant*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLEMAN MCMILLAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEPPERIDGE FARM, INCORPORATED, ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities) and JOHN DOES 1-5 (fictitious names of unidentified individuals)<br><br>Defendant. | Civil Action No.:<br><br>NOTICE OF REMOVAL<br><br>Document Electronically Filed |

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW JERSEY

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Pepperidge Farm, Incorporated ("Pepperidge Farm") hereby removes the above-captioned action from the Superior Court of the State of New Jersey, Passaic County, Case No. PAS-L-004049-21, to the United States District Court for the District of New Jersey.

As set forth below, removal is proper on either (or both) of two entirely independent grounds: the Class Action Fairness Act and traditional diversity jurisdiction.

In support of this Notice of Removal, Defendant states as follows:

## PROCEDURAL BACKGROUND

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows: upon information and belief, Plaintiff Coleman McMillan ("Plaintiff") resides at 512 Clove, Rd., Staten Island, NY and is represented by McOmber McOmber & Luber, P.C., 54 Shrewsbury Ave, Red Bank, NJ 07701. Pepperidge Farm is a Connecticut Corporation and has a principal place of business at 595 Westport Ave, Norwalk, CT 06851. Pepperidge Farm is represented by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

2. On or about December 29, 2021, Plaintiff filed a Complaint in the Superior Court of the State of New Jersey, Passaic County, New Jersey, captioned *Coleman McMillan, on behalf of himself and those similarly situated, v. Pepperidge Farm, Incorporated, et. al.*, Docket No. PAS-L-004049-21. A copy of the Complaint is attached as Exhibit ("Ex.") A.

3. In his Complaint, Plaintiff alleges that Pepperidge Farm misclassified him and "other similarly situated" individuals as independent contractors and "subjected them to improper pay deductions in violation…of the New Jersey Wage Payment Law ("NJWPL")[.]" Compl. ¶ 1.

4. Plaintiff brings this case as a putative class action, seeking to represent a class of "[a]ll persons or entities who have been employed by Defendant Pepperidge Farm as Distributors under its Agreements with territories in the State of New Jersey at any time within six years preceding the filing of this action." Compl. ¶ 28. Plaintiff alleges that the putative class has more than 100 members. *See* Compl. ¶ 8 ("Upon information and belief, Pepperidge Farm has employed hundreds of Distributors in New Jersey during the class period").

5.  Plaintiff could have originally filed this action against Pepperidge Farm in this Court pursuant to 28 U.S.C. § 1332(a) and/or § 1332(d).

6.  Plaintiff served his Summons and Complaint upon Pepperidge Farm on January 4, 2022. A copy of the Service of Process Transmittal is attached as Ex. B.

7.  Thirty (30) or fewer days have elapsed since Plaintiff served the Summons and Complaint on Defendant. Accordingly, Pepperidge Farm has timely filed this Notice of Removal under 28 U.S.C. § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that 30-day removal period begins to run on the date of service of complaint).

8.  No proceedings have been held in the Superior Court of the State of New Jersey, Passaic County since Plaintiff filed his Complaint. The Summons and Complaint constitute the entirety of the process, pleadings, and orders that Pepperidge Farm has received in this case to date. *See* 28 U.S.C. § 1447(b).

## GROUNDS FOR REMOVAL

**A.     Removal Is Proper Based on the Class Action Fairness Act.**

9.  Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. Under the Class Action Fairness Act ("CAFA") district courts "have original jurisdiction of any civil action in which" (i) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (ii) the aggregate number of putative class members is 100 or greater; and (iii) diversity of citizenship exists between one or

more plaintiffs and one or more defendants. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1441, 1446, and 1453.

11. Pepperidge Farm denies Plaintiff's factual allegations and denies that Plaintiff, or the class he purports to represent, is entitled to the relief requested under New Jersey law; however, based on Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA are met.[1] Accordingly, diversity of citizenship exists under CAFA and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

i. <u>The Jurisdictional Amount in Controversy Requirement Is Met.</u>

12. Pursuant to CAFA, "the claims of the individual members [in a putative class action] shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

13. Pepperidge Farm's burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted). This is consistent with the Third Circuit historically applying a "liberal" standard in determining whether the amount in controversy is satisfied for purposes of diversity jurisdiction. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 (3d Cir. 2003) (affirming District Court's opinion that the case was properly removed).

---

[1] Pepperidge Farm also does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action.

14. Plaintiff's allegations and prayer for relief have put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).

15. Plaintiff does not quantify the damages he or the class seek to recover. In his Complaint, however, Plaintiff alleges that Pepperidge Farm "failed to indemnify" him and similarly situated Class Members "for employment-related expenses, including the cost of providing appropriate vehicles and vehicle[] expenses such as fuel, maintenance, repair; the cost and maintenance of a handheld device and printer; the cost of warehousing Defendant's products; pallet fees that Defendant charged Plaintiff and similarly situated Class Members; expenses incurred as the result of stale products and/or inventory irregularities; and the cost of required business liability insurance." Compl. ¶ 24.

16. Plaintiff further alleges that "Defendant has unlawfully collected and withheld earned wages through deducting, without limitation: pallet fees/assessments, the cost and maintenance of a handheld computer device(s) and printer(s), and charges incurred as the result of stale products and/or inventory irregularities." *Id.* ¶ 25.

17. Plaintiff asserts that he and the putative class members he seeks to represent are "entitled to reimbursement …of all improper pay deductions, fees, charges, and/or other out-of-pocket expenditures[.]" *Id.* at "Wherefore" clause.

18. Pepperidge Farm's records show that Plaintiff's business's expenses for what he identifies as "pallet fees/assessments, the cost and maintenance of a handheld computer device(s) and printer(s), and charges incurred as the result of stale products and/or inventory irregularities" totaled $20,012.93 between October 8, 2018 and December 29, 2021.[2] Declaration of Diana

---

[2] Pepperidge Farm disputes, *inter alia,* that these expenses were paid by Plaintiff. The truth is, Plaintiff is not a delivery driver for Pepperidge Farm. Rather, he is the owner and President of an independent entity, Nobody Owns Me, LLC, that entered into a

5

Bateman ("Bateman Decl."), attached as Ex. C. ¶ 5. This does not include several other expenses identified in Plaintiff's Complaint, such as "the cost of providing appropriate vehicles[.]", etc. Compl. ¶ 24.

19. Pepperidge Farm's records also show that Plaintiff's business's expenses for what he identifies as fuel costs were approximately $69.38 a week. Declaration of Pat Coppola ("Coppola Decl."), attached as Ex. D. ¶ 4. This approximation was calculated by multiplying the estimated milage of Nobody Owns Me LLC's route by the 2018 Internal Revenue Service's reimbursement rate (125 miles x .555 per mile = 69.38). *Id.* at 5. Pepperidge Farm therefore estimates that, between October 8, 2018 and December 29, 2021, Plaintiff spent at least $11,655.84 on fuel costs (168 weeks x $69.38 = $11,655.84). *Id.* at 6. *See also Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 542 (D.N.J. 2020) (relying on defendant's "estimate of the alleged amount of overtime wages and liquidated damages in controversy" to determine that the amount in controversy had been satisfied).

20. The Complaint identifies other purported deductions and expenses that are not included in the above calculations (*e.g.*, the cost of providing appropriate vehicles). However, even just the purported deductions and expenses identified *supra* at ¶¶ 18-19 place at least $31,668.77 in controversy per class member. *See Alegre v. Atl. Cent. Logistics*, No. 15-cv-2342, 2015 WL 4607196, at *6 (D.N.J. July 31, 2015) ("Plaintiff alleges in the Complaint that his claims

---

Consignment Agreement with Pepperidge Farm on October 8, 2018. *See* Compl. at Ex. A. The Consignment Agreement confers on Nobody Owns Me, LLC the right to distribute certain of Pepperidge Farm's products in a specific geographic territory. *Id.* Pursuant to its Consignment Agreement, Nobody Knowns Me, LLC orders and receives products from Pepperidge Farm on consignment and, thereafter, distributes such products to certain retail customers located within that geographic territory and receives a commission on those sales. *Id.* Nevertheless, Plaintiff claims that he paid these expenses and this Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.

are typical of the class, and accordingly, the Court must multiply the monetary value of Plaintiff's claim by an approximation of the class size.").

21.     Plaintiff also asserts that he and the putative class members he seeks to represent are entitled to "costs and fees, including attorneys' fees," and "liquidated damages[.] Compl. at "Wherefore" clause.

22.     Therefore, Plaintiff has therefore placed at minimum an additional $63,337.54 per class member in controversy. *See* N.J.S.A. 34:11-4.10(c) (stating that an employer who "fails to pay the full amount of wages to an employee" is liable for the unpaid wages "plus an amount of liquidated damages equal to not more than 200[%] of the wages lost or of the wages due, together with costs and reasonable attorney's fees."); *Farrell*, 478 F. Supp. 3d at 538 (finding amount in controversy exceeded CAFA's threshold for removal after including potential liquidated damages and attorney's fees).

23.     Accordingly, Plaintiff's Complaint places at least $9,500,631 in controversy: 100 putative class members x ($31,668.77 in damages + $63,337.54 in liquidated damages) = $9,500,631. Notably, this amount does not include Plaintiff's demand for attorneys' fees or several other expenses identified in Plaintiff's Complaint, such as "the cost of providing appropriate vehicles[.]" Compl. ¶ 24, Prayer for Relief.

  ii.  The Putative Class Has More Than 100 Members.

24.     Plaintiff asserts claims on behalf of a putative class comprised of "[a]ll persons or entities who have been employed by Defendant Pepperidge Farm as Distributors under its [Consignment] Agreements with territories in the State of New Jersey at any time within six years preceding the filing of this action." Compl. ¶ 28.

25.     Plaintiff alleges that the putative class has more than 100 members. Compl. ¶ 8 ("Upon information and belief, Pepperidge Farm has employed hundreds of Distributors in New

7

Jersey during the class period"). *See also Sheenan v. Mortg. Elec., Registration Sys., Inc.*, No. CIV. 10-6837 RBK/KMW, 2011 WL 3501883 (D.N.J. Aug. 10, 2011) ("[B]ecause Plaintiffs propose a class consisting of at least 100 members, the class size requirement under CAFA is satisfied").

    iii.    <u>Diversity of Citizenship Exists</u>

26. For diversity purposes, a person is a "citizen" of the state in which she is domiciled and residence is sufficient to establish a presumption of domicile. *See Caputo v. Astrue*, No. 08-cv-5405, 2010 WL 1076522, at *6 (D.N.J. Mar. 23, 2010).

27. Under 28 U.S.C. §1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1).

28. Plaintiff's Complaint pleads complete diversity of citizenship between Plaintiff and Pepperidge Farm. *See* Compl. ¶¶ 1-2 (stating that McMillan resides in New York and that Pepperidge Farm is a Connecticut Corporation with its principle place of business in Connecticut).

29. Accordingly, the diversity needed for CAFA removal is present.

**B.**    **<u>Removal Is Alternatively Proper Based upon Diversity Jurisdiction.</u>**

30. Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332.

31. Pepperidge Farm may alternatively remove this case to this Court in accordance with 28 U.S.C. §§ 1332 and 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is an action between citizens of different states. *See* 28 U.S.C. § 1332.

    i.    <u>The Jurisdictional Amount in Controversy Requirement Is Met.</u>

32. While Plaintiff does not quantify the damages he seeks to recover, he cannot show to a legal certainty that his alleged damages amount to less than $75,000. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (holding where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case is to be remanded only if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount"); *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (denying motion to remand where plaintiffs sought damages, interest, costs of suit and attorney fees because plaintiffs did not expressly limit damages to $75,000 or less and attorney's fees alone can add up to hundreds of thousands of dollars).

33. Based on the allegations of the Complaint, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00).

34. As discussed *supra* at ¶ 18, Pepperidge Farm's records show that Plaintiff's expenses for what he identifies as "pallet fees/assessments, the cost and maintenance of a handheld computer device(s) and printer(s), and charges incurred as the result of stale products and/or inventory irregularities" totaled $20,012.93 between October 8, 2018 and December 29, 2021. Bateman Decl. ¶ 5. In addition, Pepperidge Farm's records indicate that, between October 8, 2018 and December 29, 2021, Plaintiff's business expenses for what he identifies fuel costs were approximately $11,655.84. Coppola Decl. ¶ 6.

35. As mentioned *supra* at ¶ 22, Plaintiff also seeks an award of liquidated damages. *See* N.J.S.A. 34:11-4.10(c) (stating that an employer who "fails to pay the full amount of wages to an employee" is liable for the unpaid wages "plus an amount of liquidated damages equal to not more than 200[%] of the wages lost or of the wages due, together with costs and reasonable attorney's fees.").

36. Accordingly, Plaintiff, by himself, places at least $95,006.31 in controversy: $31,668.77 in damages + $63,337.54 in liquidated damages. Notably, this amount does not include Plaintiff's demand for attorneys' fees or several other expenses identified in Plaintiff's Complaint, such as "the cost of providing appropriate vehicles" Compl. ¶ 24, Prayer for Relief.

ii. <u>Diversity of Citizenship Exists.</u>

37. As noted *supra* at ¶ 28, Plaintiff's Complaint pleads complete diversity of citizenship between Plaintiff and Pepperidge Farm. *See* Compl. at ¶¶ 1-2 (stating that McMillan resides in New York and that Pepperidge Farm is a Connecticut Corporation with its principle place of business in Connecticut).

38. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

**ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

39. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Passaic County, where Plaintiff originally filed this action, and a substantial part of the alleged events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. *See generally* Compl.

40. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of New Jersey, Passaic County, where the suit has been pending.

WHEREFORE, pursuant to 28 U.S.C. § 1441(a) and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United States District Court for the District of New Jersey and respectfully requests that the Superior Court of the State

of New Jersey, Passaic County proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Dated:  February 3, 2022                    Respectfully submitted,

                                                        MORGAN, LEWIS & BOCKIUS LLP

                                                       */s/ Ann Marie Effingham*
                                                       Ann Marie Effingham (209642016)
                                                       502 Carnegie Center
                                                       Princeton, New Jersey 08540-7814
                                                       annmarie.effingham@morganlewis.com
                                                       Phone: (609) 919-6600

                                                       Benjamin K. Jacobs (*Pro Hac Vice* forthcoming)
                                                       1701 Market Street
                                                       Philadelphia, PA 19103
                                                       benjamin.jacobs@morganlewis.com
                                                       Phone: (215) 963-5651

## **CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the state court action which is being removed.


Dated:  February 3, 2022                                MORGAN, LEWIS & BOCKIUS LLP

                                                                                         *s/ Ann Marie Effingham*
                                                                                         Ann Marie Effingham

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of February 2022, a true and correct copy of the foregoing Notice of Removal with attached exhibits and Declarations of Diana Bateman and Pat Coppola was served on the party listed below via email:

Charles J. Kochner<br>
McOmber McComber & Luber, PC<br>
54 Shrewsbury Ave<br>
Red Bank, NJ 07701<br>
*Attorney for Plaintiff*

*s/ Ann Marie Effingham*<br>
Ann Marie Effingham