**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLEMAN MCMILLAN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEPPERIDGE FARM, INC., *et al.*,<br><br>Defendants. | Case No. 22-00542 (BRM) (CLW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Pepperidge Farm, Incorporated's ("Pepperidge Farm") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) Plaintiff Coleman McMillian, on behalf of himself and all others similarly situated, (collectively "Plaintiffs") filed an opposition. (ECF No. 10.) Pepperidge Farm filed a reply. (ECF No. 11.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Pepperidge Farm's Motion to Dismiss is **DENIED**.

**I.    BACKGROUND**

For the purpose of the motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiffs. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Pepperidge Farm maintains a network of distributors in New Jersey to distribute its biscuit and snack products throughout the State of New Jersey. (Notice of Removal, Compl. (ECF No. 1-1) ¶ 5.) As distributors, Plaintiffs performed delivery, stocking, merchandising, promotional, and removal services on behalf of Pepperidge Farm. (*Id.* ¶ 7.) Plaintiffs entered into a Consignment Agreement with Pepperidge Farm. (*Id.* ¶ 9.) As distributors for Pepperidge Farm, Plaintiffs allege they are employees of Pepperidge Farm under New Jersey law. (*Id.*)

Pepperidge Farm requires distributors to purchase and maintain printers and special handheld devices that transmit detailed information about Plaintiffs' deliveries, including when these deliveries occurred and to which stores. (*Id.* ¶ 18.) Pepperidge Farm charges Plaintiffs fees associated with weekly maintenance of its handheld devices, among other charges for supplies. (*Id.*)

Plaintiffs allege Pepperidge Farm collected and withheld wages by deducting from Plaintiffs' earnings pallet fees and assessments, costs of maintaining handheld computer devices and printers, and charges incurred as the result of stale products and/or inventory irregularities. (*Id.* ¶ 25.) Plaintiffs also allege Pepperidge Farm of the following:

> "failed to indemnify Plaintiffs and similarly situated Class Members for employment-related expenses, including the cost of providing appropriate vehicles and vehicle expenses such as fuel, maintenance, repair; the cost and maintenance of a handheld device and printer; the cost of warehousing Defendant's products; pallet fees that Defendant charged Plaintiff and similarly situated Class Members; expenses incurred as the result of stale products and/or inventory irregularities; and the cost of required business liability insurance."

(*Id.* ¶ 24.) On December 28, 2021, Plaintiffs filed their Complaint in the Superior Court of New Jersey, alleging the following claims: (1) violation of the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. Ann. § 34:11-4.1, *et seq.*, for making improper deductions from Plaintiffs'

wages (Count One) (*id.* ¶¶ 35–40); and (2) unjust enrichment (Count Two) (*id.* ¶¶ 41–44). On February 3, 2022, Pepperidge Farm filed a notice of removal. (ECF No. 1.) On February 24, 2022, Pepperidge Farm filed a motion to dismiss seeking to partially dismiss Count One of Plaintiffs' Complaint to the extent Plaintiffs make a claim for failure to indemnify or reimburse expenses under the NJWPL. (ECF No. 9.) On March 7, 2022, Plaintiffs filed their opposition. (ECF No. 10.) On March 14, 2022, Pepperidge Farm filed its reply. (ECF No. 11.) On May 20, 2022, Plaintiffs filed a letter offering supplemental authorities. (ECF No. 12.) On May 23, 2022, Pepperidge Farm filed a letter and explained the supplemental authorities cited by Plaintiffs are not relevant. (ECF No. 13.)

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 548 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Instead, assuming factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, Civ. A. No. 21-1458, 2022 WL 965058 at *5 (3d Cir. Mar. 23, 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The

Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 2022 WL 965058, at *3.

## III. DECISION

Pepperidge Farm's motion to dismiss seeks to partially dismiss Count One of Plaintiffs' Complaint to the extent Plaintiffs make a claim for failure to indemnify or reimburse certain expenses under the NJWPL. (Def.'s Mot. Br. (ECF No. 9-1) at 1–2.) Both parties agree under NJWPL, an employer may not withhold or divert an employee's wages unless the employer is empowered to do so by New Jersey or United States law or unless the amounts withheld or diverted are for specific, itemized reasons outlined in the NJWPL. *See* N.J. Stat. Ann. § 34:11-4.4; ((ECF No. 9-1 at 4); Pl. Opp. Br. (ECF No. 10 at 4)). Therefore, the issue is whether Pepperidge Farm must reimburse these expenses that Plaintiffs allege to have been wrongfully withheld by Pepperidge Farm.

As a preliminary matter, the Court notes no parties, nor the Court can find a binding authority interpreting the statute in question. When there is no binding authority interpreting this

statute, courts should rely on basic tenets of statutory interpretation. *Harvard Indus. v. Internal Rev. Serv*, 568 F.3d 444, 450-51 (3d Cir. 2009). When the highest court of a state has interpreted a state statute, federal courts "apply the interpretation of state law by the state's own courts." *Kollar v. Miller*, 176 F.3d 175, 179 (3d Cir.1999). "[W]hen there is no decision from the state's highest court directly on point," however, federal courts "are charged with predicting how that court would resolve the question at issue." *Colliers Lanard & Axilbund v. Lloyds of London*, 458 F.3d 231, 236 (3d Cir.2006). In doing so, federal courts take into consideration any opinions of the state's intermediate courts, as well as "[t]he policies underlying applicable legal doctrine, current trends in the law and decisions of other courts." *City of Erie, Pa. v. Guar. Nat. Ins. Co.*, 109 F.3d 156, 160 (3d Cir.1997). When interpreting a statute, "the literal meaning of the statute is most important, and we are always to read the statute in its ordinary and natural sense." *Galloway v. United States*, 492 F.3d 219, 223 (3d Cir. 2007) (internal quotation marks and citations omitted). Here, the Court notes the policy of NJWPL is "to protect employees' wages and to guarantee receipt of the fruits of their labor." *Rosen v. Smith Barney, Inc.*, 925 A.2d 32 (App. Div. 2007), *aff'd*, 950 A.2d 205 (2008).

Pepperidge Farm argues that no expense incurred during employment[1] can be indemnified under the NJWPL (ECF No. 9-1 at 4), and underscores expenses incurred were paid by Plaintiffs (*id.*). Plaintiffs respond that some expenses, like employment-related expenses, are allowed to be indemnified. (*See generally* ECF No. 10 at 4-8.) Plaintiffs emphasize they filed this lawsuit

---

[1] The proposed class members are presumed to be employees until an employer rebuts the presumption by satisfying all three prongs of the ABC test. *Hargrove v. Sleepy's*, LLC, 106 A.3d 449, 458 (N.J. 2015). Because Pepperidge Farm declares whether Plaintiffs are employees is "not material to this motion" (ECF No. 9-1 at 1), the Court will accept as true the allegations in Plaintiffs' Complaint (ECF No. 1-1 ¶¶ 9-23) regarding their employment classification. *Phillips*, 515 F.3d at 228.

because Plaintiffs allege they are entitled to be made whole by Pepperidge Farm reimbursing expenses that were required for Plaintiffs' continued employment (ECF No. 1-1 ¶ 25). In reply, Pepperidge Farm insists the NJWPL does not provide a claim for relief for expense indemnification, including business-related expenses. (ECF No. 11 at 2.) The Court agrees with Plaintiffs primarily because Pepperidge Farm failed to carry the burden of demonstrating that Plaintiffs failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *see also Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

Contrary to what Pepperidge Farm asserted, this court concluded a claim involving "failure to reimburse for work-related expenses" was entitled to relief under NJWPL. *Hall v. Nat'l Metering Servs., Inc.*, Civ. A. No. 20-1921, 2020 WL 5877679, at *1–2 (D.N.J. Oct. 1, 2020). *See also Morales v. V.M. Trucking, LLC*, Civ. A. No. 2898-16T4, 2019 WL 2932649, at *8 (N.J. Super. Ct. App. Div. July 9, 2019) (rejecting an employer's attempt to escape liability under NJWPL by shifting its "legal obligation to provide workers' compensation insurance to its employees through the guise of requiring the employees to pay the costs of the insurance"). In other words, under *Morales*, Pepperidge Farm cannot escape liability under NJWPL by requiring the employees to pay expenses instead of deducting these expenses from employees' paycheck.

In support of its arguments, Pepperidge Farm heavily relies[2] on *In re Morgan Stanley Smith Barney LLC Wage & Hour Litigation*, where the court dismissed the plaintiffs' expense

---

[2] Pepperidge Farm offers other federal courts' decision interpretating "analogous statutes." (ECF No. 9-1 at 6.) However, because this court already interpreted the statute in question in *In re Morgan Stanley* and *Hall*, and because the cases cited by Pepperidge Farm are either at different stage of litigation or addresses statutes from other states that are materially different from the statute in question, the Court will give little weight to cases cited by Pepperidge. *See Liberty Lincoln–Mercury v. Ford Motor Co.*, 134 F.3d 557, 564 (3d Cir.1998) (looking to First Circuit's interpretation of a similar Maine statute to construe a New Jersey statute for which there was no New Jersey precedent); *see also ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 863 n.17 (3d Cir. 1994)

indemnification claim because the allegedly incurred expense was not required for their continued employment. Civ. A. No. 11-03121, 2013 WL 6255697, at *6 (D.N.J. Dec. 4, 2013). In that case, plaintiffs asked to be indemnified for what they paid, which included "postage expenses, client and prospective client dinners, and seminars designed to obtain new clients and maintain existing clients." *Id.* The court found plaintiffs failed to plausibly allege they were required to spend money on client dinners and postage, and therefore, their claims are dismissed. *Id.* The court noted N.J. Stat. Ann. § 34:11-4.4 "concern[s] instances in which employers cut into a paycheck for various purposes." *Id.* at *7.

The Court finds *In re Morgan Stanley* supports Plaintiffs' position. Here, Plaintiffs allege in Count One of the Complaint that Pepperidge Farm failed to indemnify Plaintiffs employment-related expenses like the cost associated with vehicles, the cost associated with a handheld device and a printer that are required for Plaintiffs' employment, expenses associated with inventory irregularities and cost of required business liability insurance. (ECF No. 1-1 ¶ 24.) Plaintiffs allege "unlawfully collected and withheld earned wages through deducting" specific fees in violation of N.J. Stat. Ann. § 34:11-4.4. (*Id.* ¶ 25.) In other words, distinct from *In re Morgan Stanley* and like in *Hall*, the alleged employment-related expenses (*id.* ¶¶ 18, 24) are instances when incurred expenses "cut into" their paychecks because Plaintiffs were required to pay for these expenses. The Court concludes that allowing Plaintiffs' claim to move forward is consistent with the policy of NJWPL and *Morales*, which is "to protect employees' wages and to guarantee receipt of the fruits of their labor." *Rosen*, 925 A.2d 32 (App. Div. 2007), *aff'd*, 950 A.2d 205 (2008).

---

("A motion for summary judgment is different in critical respects from a motion to dismiss for failure to state a claim."). The same goes to cases offered by Plaintiffs. (*See generally* ECF No. 12.)

The bottom line is Pepperidge Farm may dispute whether any of the alleged expenses incurred or whether these expenses were employment-related, but this is not an issue before the Court on a motion to dismiss. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (holding a motion to dismiss tests the sufficiency of the complaint's allegations). Accordingly, Plaintiffs' NJWPL claim survives Pepperidge Farm's partial Rule 12(b)(6) challenge.

### IV. CONCLUSION

For the reasons set forth above, Pepperidge Farm's Partial Motion to Dismiss (ECF No. 9) is **DENIED**.

/s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 7, 2022