**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
Ann Marie Effingham (209642016)
502 Carnegie Center
Princeton, NJ 08540-7814
Email: annmarie.effingham@morganlewis.com
Phone: (609) 919-6600

Benjamin K. Jacobs (admitted *pro hac vice*)
Jeffrey Becker (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Email: benjamin.jacobs@morganlewis.com
       jeffrey.becker@morganlewis.com
Phone: (215) 963-5651
       (215) 963-5946
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLEMAN MCMILLAN, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br>    v.<br><br>PEPPERIDGE FARM, INCORPORATED, ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities) and JOHN DOES 1-5 (fictitious names of unidentified individuals)<br><br>       Defendant. | Civil Action No.: 2:22-CV-00542<br><br>Document Electronically Filed |
| PEPPERIDGE FARM, INCORPORATED,<br><br>       Third-Party Plaintiff,<br>    v.<br>NOBODY OWNS ME, LLC.,<br><br>       Third-Party Defendant. | Third Party Complaint |

**DEFENDANT PEPPERIDGE FARM INCORPORATED'S**
<u>**THIRD-PARTY COMPLAINT AGAINST NOBODY OWNS ME, LLC.**</u>

Defendant and Third-Party Plaintiff Pepperidge Farm, Incorporated ("Pepperidge Farm") hereby brings this Third-Party Complaint against Third-Party Defendant Nobody Owns Me, LLC. ("Nobody Owns Me") pursuant to Federal Rule of Civil Procedure 14(a).

## Parties

1. Pepperidge Farm is a corporation organized under the laws of the State of Connecticut, with its principal place of business at 595 Westport Avenue, Norwalk, CT 06851.

2. Nobody Owns Me is an active business corporation organized under the laws of the State of New York, with its principal office at 512 Clove Rd., Staten Island, NY 10310. Coleman McMillan ("Plaintiff" or "McMillan") is the president of Nobody Owns Me.

## Jurisdiction and Venue

3. This Court has supplemental subject-matter jurisdiction over this Third-Party Complaint under Federal Rule of Civil Procedure 14 and 28 U.S.C. § 1367(a) because the claims in this Third-Party Complaint are so related to the other claims in this action (i.e., those brought in Plaintiffs' Complaint and Pepperidge Farm's Counterclaims) over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, the claims in this Third-Party Complaint, Plaintiffs' Complaint, and Pepperidge Farm's Counterclaims all concern Pepperidge Farm's, Plaintiff's and Nobody Owns Me's respective alleged obligations and performance under the respective Consignment Agreement to which Nobody Owns Me and Pepperidge Farm are parties. *See* Dkt. No. 1-1 at ¶¶ 9-15, 17, 21; Dkt. No. 16 at ¶¶ 5-15.

4. The Court also has original diversity jurisdiction over this Third-Party Complaint under 28 U.S.C. § 1332(a)(2) because Nobody Owns Me is a citizen of the State of New York

and Pepperidge Farm is a citizen of Connecticut. The amount in controversy also exceeds $75,000.

5. Venue is proper pursuant to 28 U.S.C. § 1391.

**Facts**

6. On or about October 8, 2018, Nobody Owns Me entered into commercial agreements with Pepperidge Farm that set forth the parties' mutual agreement that Nobody Owns Me is an independent contractor and would provide services under the contract as such. That Consignment Agreement is attached to Plaintiff's Complaint as Exhibit A and is incorporated into this Third Party Complaint as though fully set forth herein.

7. The Consignment Agreement conferred on Nobody Owns Me certain exclusive rights to distribute certain of Pepperidge Farm's products in a specific geographic territory in this judicial district and receive revenue from the sales of those products.

8. Paragraph 3(b) of the Consignment Agreement confers on Nobody Owns Me the right to receive revenue from the sales of products that it takes on consignment from Pepperidge Farm, subject to the terms and conditions of the Consignment Agreement.

9. Paragraph 15 of the Consignment Agreement states that Nobody Owns Me "is a self-employed independent contractor, not an agent or employee of [Pepperidge Farm] . . . and [Nobody Owns Me] will refrain from any conduct inconsistent with the terms of this Paragraph 15. . . The independent contractor relationship between [Pepperidge Farm] and [Nobody Owns Me] is an essential element of this Agreement."

10. Paragraph 15 of the Consignment Agreement also states:

> [Nobody Owns Me] may, at [Nobody Owns Me]'s own expense and risk, employ such persons as [Nobody Owns Me] shall deem appropriate to assist in the performance of [Nobody Owns Me]'s obligations under the terms of this Agreement; and [Nobody Owns

        Me] shall be responsible for the hiring, firing, training and supervision of, and all remuneration and benefits for, any person so employed.

11. Paragraph 15 of the Consignment Agreement also states:

        The discount percentage and commission rate described in Paragraph 3 and the percentages established pursuant to Schedule B or any similar schedule under this Agreement are based in substantial part on such independent contractor relationship and the understanding that [Pepperidge Farm] is not obligated to pay any FICA, income or similar tax or withholding for or on behalf of the [Nobody Owns Me].

12. Paragraph 4 of the Consignment Agreement states that Nobody Owns Me "will use its best efforts to realize the full sales potential of the Territory for Consigned Products" and "may sell or distribute other products[.]"

13. Paragraph 5 of the Consignment Agreement states that "[Nobody Owns Me] will . . . comply with all laws and regulations relating either directly or indirectly to the operation or ownership of the Distributorship[.]"

14. Under the Consignment Agreement and as a result of its status as an independent contractor, Nobody Owns Me has the right to sell all or parts of its distribution rights and retain the revenue from such sales. Indeed, Nobody Owns Me previously availed itself of this opportunity and sold its rights to distribute to club stores within its territory to Pepperidge Farm in August 2021 for total consideration of $194,082.53. *See* Club Purchase Transaction Packet, attached here as Ex. A.

15. If Nobody Owns Me or any of its owners/shareholders/officers/employees/helpers were employed by Pepperidge Farm (instead of an independent contractor), it and/or they would not have enjoyed many of the rights and benefits set forth above, including, but not limited to, retaining the revenue from the products that Nobody Owns Me sells; setting the schedule, hours

worked, and sequence of performing work of Nobody Owns Me and its owners/shareholders/officers/employees/helpers; determining when breaks are taken, which vehicles and equipment are utilized, and other details of performance of Nobody Owns Me's business; taking tax deductions for the costs of operating Nobody Owns Me's businesses; and enjoying the right to engage in other businesses and professions and to sell all or parts of Nobody Owns Me's distribution rights and retain the revenue from such sales.

16. By its actions, including, but not limited to, its retention of the revenue generated from its independent contractor business and the sale of its club store distribution rights, Nobody Owns Me acknowledged and agreed to the financial arrangement outlined in the Consignment Agreement.

17. Plaintiff is and was at all relevant times the president of Nobody Owns Me.

18. On December 28, 2021, Plaintiff filed a putative class action alleging that, notwithstanding the terms of the Consignment Agreement and the substantial monetary and other benefits that Nobody Owns Me enjoyed therefrom, he is misclassified by Pepperidge Farm as an employee rather than as an independent contractor and that he performed work for Pepperidge Farm pursuant to a Consignment Agreement. Compl. ¶ 9, Dkt. No. 1-1.

19. Through the lawsuit, Plaintiff seeks additional money (on top of what he and/or Nobody Owns Me has already received pursuant to the Consignment Agreement) in the form of the "reimbursement" of "pay deductions, fees, charges, and other out-of-pocket expenditures" and "liquidated damages." *See* Compl. ¶¶ 24-25; Prayer for Relief. Nobody Owns Me was responsible for ensuring Plaintiff was properly compensated in compliance with applicable laws. Compl. at Ex. A ¶ 5.

20. In the event that the Court finds that Nobody Owns Me and/or Plaintiff should have been classified as an employee of Pepperidge Farm (which it should not), the purpose of the Consignment Agreement that Nobody Owns Me executed would be frustrated, such that it should be declared void.

## COUNT I – UNJUST ENRICHMENT

21. All previous paragraphs are incorporated as though fully set forth herein.

22. This Court should find that Nobody Owns Me is properly classified as an independent contractor and not an employee of Pepperidge Farm. In the alternative, it should find that Nobody Owns Me was enriched as a result of its status as an independent contractor, including, but not limited to, by retaining the revenue from the products that Nobody Owns Me sells; setting the schedule, hours worked, and sequence of performing work of Nobody Owns Me and its owners/shareholders/officers/employees/helpers; determining when breaks are taken, which vehicles and equipment are utilized, and other details of performance of Nobody Owns Me's business; taking tax deductions for the costs of operating Nobody Owns Me's businesses; and enjoying the right to engage in other businesses and professions and to sell all or parts of Nobody Owns Me's distribution rights and retain the revenue from such sales.

23. Nobody Owns Me was enriched at Pepperidge Farm's expense because, pursuant to the financial arrangement defined in the Consignment Agreement, Nobody Owns Me receives revenue from the sale of products and received revenue from the sale of its club store distribution rights; absent Nobody Owns Me's status as an independent contractor and the enforceability of its Consignment Agreement, Pepperidge Farm would have retained the rights to sell products to the same customers and thus received revenue from such and would have retained the other rights and benefits afforded to Nobody Owns Me as an independent contractor.

24.     As a condition of retaining the benefits received pursuant to its Consignment Agreement, Nobody Owns Me agreed that it is (and its employees are) an independent contractor of Pepperidge Farm and is not entitled to wages, and that it would pay the expenses associated with operating its businesses.

25.     If the Court finds that Nobody Owns Me (and/or any of its owners/shareholders/officers/employees/helpers) should have been classified as an employee of Pepperidge Farm (which it should not) and, pursuant to this finding, awards Nobody Owns Me (and/or those owners/shareholders/officers/employees/helpers) some or all of the relief sought in the Complaint, Nobody Owns Me (and/or those owners/shareholders/officers/employees/helpers) would be unjustly enriched at Pepperidge Farm's expense.  Specifically, Nobody Owns Me (and/or those owners/shareholders/officers/employees/helpers) would be unjustly enriched by recovering deductions and/or business expenses that independent contractors may not recover while still retaining all of the earnings and benefits it received and enjoyed as a result of Nobody Owns Me's independent contractors which, if not for that status, Pepperidge Farm would have reserved for itself.

26.     If the Court finds that Nobody Owns Me (and/or any of its owners/shareholders/officers/employees/helpers) should have been classified as an employee of Pepperidge Farm (which it should not) and, pursuant to this finding, awards Nobody Owns Me (and/or those owners/shareholders/officers/employees/helpers) some or all of the relief sought in the Complaint (which it should not), equity and good conscience require that Pepperidge Farm be awarded the value of earnings associated with Nobody Owns Me's independent contractor status in order to offset any award of damages, penalties, liquidated damages, punitive damages, interest, and any other liabilities to which Nobody Owns Me (and/or any of its members) may be

entitled to as a purported employee. The value of such earnings includes, but is not limited to, (1) revenue that Nobody Owns Me generated through the sale of the products that it purchased from Pepperidge Farm; (2) revenue that Nobody Owns Me generated through the sale of all or parts of its distribution rights to third parties; and (3) compensation that Nobody Owns Me (and/or those members) received as a result of having the ability to engage other businesses and professions and/or hold part-time or full-time employment while operating under its Consignment Agreement.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Pepperidge Farm respectfully requests judgement on its Counterclaims as follows: in the event that the Court finds that Nobody Owns Me (and/or any of its owners/shareholders/officers/employees/helpers) should have been classified as employees of Pepperidge Farm (which it should not) and, pursuant to this finding, awards Nobody Owns Me (and/or any of its owners/shareholders/officers/employees/helpers) some or all of the relief sought in the Complaint (which it should not), (i) a declaratory order stating that Nobody Owns Me's Consignment Agreement is null and void and (ii) an award of damages against Nobody Owns Me including (but not limited to) any revenue, payments, profits, or earnings that Nobody Owns Me (and/or any of its owners/shareholders/officers/employees/helpers) retained by virtue of its status as an independent contractor that exceeds any award of damages to which Nobody Owns Me (and/or any of its owners/shareholders/officers/employees/helpers) may be entitled if the Court deems it to be an employee;

    a. an award of its attorneys' fees and costs in bringing and prosecuting this Third-Party Complaint; and

    b. any other such relief as the Court may deem just and proper.

Dated: August 4, 2022

Respectfully submitted,
MORGAN, LEWIS & BOCKIUS LLP

*/s/ Ann Marie Effingham*
Ann Marie Effingham (209642016)
502 Carnegie Center
Princeton, New Jersey 08540-7814
annmarie.effingham@morganlewis.com
Phone: (609) 919-6600

Benjamin K. Jacobs (admitted *pro hac vice*)
Jeffrey Becker (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
benjamin.jacobs@morganlewis.com
jeffrey.becker@morganlewis.com
Phone: (215) 963-5651
Phone: (215) 943-5946

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of August 2022, a true and correct copy of the foregoing was served on all counsel of record via ECF.

>  /s/ *Ann Marie Effingham*
>  Ann Marie Effingham